## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**DERRICK E. STEPLIGHT,**

    **Petitioner,**

**v.    //    CIVIL ACTION NO. 1:15CV124**
                                        **(Judge Keeley)**

**TERRY O'BRIEN, Warden,**

    **Respondent.**

### ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 9]

On July 29, 2015, the pro se petitioner, Derrick E. Steplight ("Steplight"), filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (dkt. no. 1), which the Court referred to the Honorable Robert W. Trumble, United States Magistrate Judge, for initial screening and a Report and Recommendation ("R&R") in accordance with LR PL P 2. Relying on the Supreme Court of the United States' decision in Johnson v. United States, 135 S. Ct. 2251 (2015), Steplight challenges his sentence enhancement under the Armed Career Criminal Act ("ACCA").

On May 5, 2016, Magistrate Judge Trumble issued his R&R, in which he recommended that the Court deny Steplight's petition. The R&R concluded that Steplight's § 2241 petition was an improper vehicle by which to seek relief because, in the wake of Johnson, he now meets the gate-keeping provision of § 2255. Consequently, Magistrate Judge Trumble recommended that the Court dismiss Steplight's petition without prejudice to his right to file a § 2255 petition in his sentencing court (dkt. no. 9 at 4).

The R&R specifically warned Steplight that his failure to object to the recommendation would result in the waiver of any appellate rights he might otherwise have on this issue. Id. at 22. On May 19, 2016, Steplight filed a response to the R&R (dkt. no. 11) in which he made no objections. Instead, he noted that his response was "not an appeal to the recommendation," but merely a reservation of his right to appeal the R&R.

## II. STANDARD

"The Court will review de novo any portions of the magistrate judge's Report and Recommendation to which a specific objection is made . . . and the Court may adopt, without explanation, any of the magistrate judge's recommendations to which the prisoner does not object." Dellacirprete V Gutierrez, 479 F. Supp. 2d 600, 603-04 (N.D.W.Va. 2007) (citing Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983)).

Vague objections to an R&R distract a district court from "focusing on disputed issues" and defeat the purpose of an initial screening by the magistrate judge. McPherson, 605 F. Supp.2d at 749 (citing Howard's Yellow Cabs, Inc. v. United States, 987 F.Supp. 469, 474 (W.D.N.C. 1997)). Further, failure to raise "any specific error of the magistrate's review" waives the claimants right to a de novo review. Id. (citing Orpiano v. Johnson, 687 F.2d 44, 47

(4th Cir. 1982)). Likewise, "general and conclusory" objections to the magistrate's R&R do not warrant a <u>de novo</u> review by the District Court. <u>Id.</u> (citing <u>Howard's Yellow Cabs</u>, 987 F.Supp. at 474); <u>see also</u> <u>Green v. Rubenstein</u>, 644 F.Supp.2d 723 (S.D.W.Va. 2009).

### III. DISCUSSION

Here, Steplight did not object to the R&R. Instead, he accepts the recommendations contained there, and merely seeks to reserve his right to appeal the dismissal of his petition should he be unsuccessful in his § 2255 petition with the sentencing court. The Court concludes that Steplight's lack of any specific objection to the R&R obviates the requirement for a <u>de novo</u> review. Nonetheless, should Steplight be unsuccessful in his bid to amend, alter, or reduce his sentence pursuant to a subsequently filed § 2255 petition with his sentencing court, he has not waived his right to file a § 2241 petition with the appropriate district court for the district in which he is then incarcerated.

### IV. CONCLUSION

Consequently, finding no clear error, the Court **ADOPTS** the Report and Recommendation in its entirety (dkt. no. 9), **DENIES** Steplight's petition, and **DISMISS** it **WITHOUT PREJUDICE** to his right to file a § 2255 with his sentencing court.

It is so **ORDERED.**

Pursuant to Fed. R. Civ. P. 58, the Court **DIRECTS** the Clerk of Court to enter a separate judgment order, to transmit copies of both orders to counsel of record and to the <u>pro se</u> petitioner, certified mail, return receipt requested, and to remove this case from the Court's active docket.

Dated: June 1, 2016.

>                    /s/ Irene M. Keeley
>                    IRENE M. KEELEY
>                    UNITED STATES DISTRICT JUDGE